```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GEMINI II LTD.,                             :     08 CV 6334 (LAP)
                                            :
            Plaintiff,                      :     TEMPORARY
                                            :     RESTRAINING ORDER
                                            :
    v.                                      :
                                            :
DERECKTOR SHIPYARDS CONN., LLC,             :
                                            :
            Defendant.                      :
                                            :
------------------------------------------------------------X

LORETTA A. PRESKA, United States District Judge:

      This matter having been opened to the Court by the application of Plaintiff Gemini II Ltd. ("Gemini") for an Order requiring Defendant Derecktor Shipyards Conn., LLC ("Derecktor") to show cause why an order for a preliminary injunction and emergency interim relief should not be entered pursuant to Rule 65 of the Federal Rules of Civil Procedure requiring, among other things, that Derecktor move the catamaran sailing yacht bearing Builder's Hull No. 85135 (the "Vessel") back into the fully enclosed building in Derecktor's shipyard out of which it was moved on or about Saturday, July 12, 2008, and the Court having considered the Declaration of Dr. Anthony Marlon, dated July 13, 2008, the Declaration of Gavin Bladen, dated July 14, 2008, and exhibits annexed thereto, the Declaration of Daniel L. Robsham, dated July 13, 2008, the Declaration of John M. Toriello, Esq., dated July 14, 2008, the Declaration of Lars Forsberg, dated July 14, 2008, the accompanying Memorandum of Law, and the Complaint, and for good cause shown, the Court finds:

Gemini, having initiated an arbitration as required by the Vessel Construction Agreement (the "Agreement") and having sought equitable relief herein in aid of arbitration, has established jurisdiction pursuant to Article 31(c) of the Agreement. Gemini has also made a clear showing of a high probability of success on the merits in that it has demonstrated that Derecktor is in flagrant violation of its express contractual duty to house the Vessel safely and continue construction pursuant to the Agreement. Gemini has also established that extreme or very serious damage will result from the denial of temporary relief to it and that that damage is irreparable. As set forth in Gemini's papers, Derecktor, in the words of its own agents, is in grave financial circumstances and is unable to answer in money damages. Accordingly, even if the arbitration resulted in the judgment in favor of Gemini on this approximately $27 million Vessel for which Gemini has paid defendant approximately $20 million thus far, Derecktor will be unable to respond in damages. To the extent that Derecktor argues that the Vessel has been moved to an appropriate location, Gemini's papers establish that the location is not fully enclosed, is open to the elements on at least one side, has minimal clearance for the Vessel's hull on the enclosed sides, has no electricity, water, climate control, or certificate of occupancy and thus is an entirely inappropriate storage facility for this high tech Vessel. Accordingly, after hearing oral argument from counsel for both sides on the TRO, it is hereby ordered that:

1) Pending final decision on the preliminary injunction sought herein Derecktor shall, no later than 4:00 PM (New York time) on Friday, July 18, 2008, return the Vessel to the new building at Derecktor's Shipyard located in Bridgeport,

Connecticut where it had been located prior to its removal therefrom on or about July 12, 2008;

2) Expedited discovery shall proceed in preparation for the hearing,

3) Upon the agreement of counsel, counsel shall confer and inform the Court by letter prior to a scheduled teleconference on Thursday, July 17, 2008 at Noon (New York time) of the schedule proposed for expedited discovery, briefing and a hearing on this application,

4) Plaintiff shall post $500,000 in security with the Clerk of the Court no later than 4:00 PM on Friday, July 18, 2008, either in the form of a bond or in the form of a cashier's or other bank check. If the latter, the funds shall be placed in an interest-bearing account,

5) Upon the agreement of the parties, Gemini shall serve the moving papers and the complaint on counsel for Derecktor, who has agreed to accept service, by the close of business (New York time) on July 15, 2008, and

6) Unless extended by agreement of the parties or for good cause show, this temporary restraining order shall expire in ten days.

SO ORDERED:

Dated: July 15, 2008   1:15 PM

_Loretta A. Preska_
LORETTA A. PRESKA, U.S.D.J.

geminiorder715

3