07/14/2008  14:08   6095970377                    VAN DYK GROUP                              PAGE  02
                                                    2:2                   T-809  P.002/005  F-590
Jul-14-08   01:47pm   From-HOLLAND AND KNIGHT

John M. Toriello
Patrick J. Sweeney
David R. Brand
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
(212) 513-3200

Attorneys for Plaintiff
Gemini II Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEMINI II LTD.,                                          08 Civ. 6334 (   )(   )

                           Plaintiff,

        - against -

DERECKTOR SHIPYARDS CONN., LLC,

                       Defendant.

    JOHN M. TORIELLO, an attorney duly admitted to practice before the courts of the State of

New York declares under penalty of perjury:

    1.     I am a member of the firm of Holland & Knight LLP, attorneys for plaintiff

Gemini II Ltd. ("Gemini") in the above-captioned matter. I am fully familiar with the facts and

circumstances set forth herein and am authorized to submit this Certification in support of

Gemini's motion for temporary restraints against defendant Derecktor Shipyards Conn., LLC

("Derecktor").

    2.     I submit this declaration for the purpose of detailing my phone and email

correspondence with David J. McMahon, outside counsel to Derecktor regarding the agreement

entered into between the parties not to move the Vessel for a period of one week in an effort to
resolve outstanding disputes between the parties (the "Forbearance Agreement").

    3.      On or about July 11, 2008, Mr. McMahon and I conducted a telephone call in
order to discuss our clients' disputes and come to an agreement that would allow each party
additional time in an effort to come to a resolution. I advised Mr. McMahon that we were
prepared to seek a Temporary Restraining Order ("TRO") from this Court on July 11 to prevent
the movement of the vessel unless Derecktor agreed not to move the vessel from its current
location.

    4.      During our call, Mr. McMahon agreed to confirm by email that Derecktor would
not move Gemini's partially constructed vessel, a 145' catamaran ("Vessel") for at least one week
from its current location in a permitted work building with utilities, climate control, work space,
and heavy lift capability. On behalf of Gemini, we had objected to the announced intention of
Derecktor to place the Vessel in a three sided shed made from empty, 40 foot shipping containers
with a corrugated aluminum roof ("Shipping Container Shed"). We had learned that the
Shipping Container Shed does not have a Certificate of Occupancy. In addition, the Shed lacked
permanent electric power, plumbing, adequate work space, climate control, and heavy lift
capability. I advised that provided we had this agreement, Gemini would not seek judicial
intervention on July 11 to prevent the movement of the vessel. Of course, any such application
would be premature if Derecktor agreed to keep the vessel in its current location in the building
in which it has been constructed to this point. Mr. McMahon sent the confirming email.
Attached hereto as Exhibit 1 is a copy of the email string that confirms this agreement. As stated
by Mr. McMahon, we had agreed on behalf of our client not to seek a TRO "at the current time."

5.      In response to Mr. McMahon's email and the agreement of Derecktor not to move
the Vessel for at least one week, I responded that "we would not seek a TRO today" confirming
Gemini's assent to the Forbearance Agreement. My response to Mr. McMahon is in the email
string attached as Exhibit 1. As also shown in the email string, Mr. McMahon responded to my
email confirmation and did not express any objection or concern with this response. To the
contrary, he urged the parties to continue to work together to try to resolve the disputes on
various change orders submitted by Derecktor. I confirmed that Gemini has been and is available
to address the change orders.

6.      To the great surprise of Gemini and myself, on Saturday, July 12, 2008, I learned
that Derecktor, in breach of the Forbearance Agreement, moved the Vessel from the building and
placed it in the Shipping Container Shed. Mr. McMahon sent an email to me at approximately
1:50 p.m. on July 12 purporting to give notice that Derecktor was going to move the Vessel and
trying to claim that there was "no meeting of the minds" with respect to the agreement not to
move the vessel. (Exhibit 2). I have subsequently been advised that Derecktor actually
commenced the operation to the move the Vessel at about 9 a.m. that morning.

7.      As is obvious from a review of the July 11 email string (Exhibit 1), the parties had
reached agreement and there was no objection raised by Derecktor. Gemini fulfilled its
agreement by not seeking a TRO on July 11, 2008. Derecktor's email of July 12 sent by David
McMahon is plainly an attempt to create a pretext for Derecktor's blatant breach of this
agreement. It appears therefore that the agreement itself was dishonestly made by Derecktor.
Thus, the commencement of work at 9 a.m. on July 12 and the late delivery of an email
purporting to advise of an impending move, when in fact that move had already occurred,
strongly suggest that Derecktor never intended to abide by its agreement. Rather, it appears that

07/14/2008   14:08      6095970377      _        VAN DYK GROUP                         PAGE   05

Jul-14-08    01:49pm    From-HOLLAND AND KNIGHT               212                   T-902   P.005/005   F-590

Derecktor sought to mislead and in fact did mislead Gemini so that Gemini would not be in a
position to make application to this court to stop the move and to preserve the status qou. Such
dishonest behavior strikes at the very heart of the parties' obligation to act in good faith, to wit, to
act honestly and to avoid depriving the other party of its intended contractual benefits.

8.      On Sunday, July 13, 2008, I responded to Mr. McMahon's email. Attached hereto
as Exhibit 3 is a copy of my email response to Mr. McMahon.

9.      Mr. McMahon and I conducted a conference call on Sunday, July 13, 2008 in
another effort to resolve the parties' disputes and avoid judicial intervention. On behalf of
Gemini, I demanded that the Vessel be removed from the Shipping Container Shed and replaced
in its original building, and that the Shipyard resume full time work on the Vessel. Mr.
McMahon stated that Derecktor would not comply with this request. Attached hereto as Exhibit
4 is a copy of the email string with Mr. McMahon summarizing our telephone conversation.
Importantly, in that conversation, we discussed the lack of a certificate of occupancy for the
Shipping Container Shed. Mr. McMahon claimed that he did not have details of this, but knew
that there was "a definite plan" to get permitting for this structure. Of course, this phraseology
confirms the absence of a certificate of occupancy, despite Derecktor's irresponsible placement
of this multi-million dollar yacht in this apparently illegal structure. In response to my request,
Mr. McMahon was unable to supply any authority that would permit the use of this structure
without a certificate of occupancy. We have still not received any such authority.

The foregoing is affirmed under penalty of perjury pursuant to 28. U.S.C. § 1746.

John M. Toriello

Dated: July 14, 2008

4

# EXHIBIT 1

----- Original Message -----
From: Toriello, John (NYC - X73366)
To: 'dmcmahon@barwol.com' <dmcmahon@barwol.com>; Forsberg, Lars (NYC - X73316)
Cc: Karpf, Wallis B (NYC - X73510)
Sent: Fri Jul 11 16:04:10 2008
Subject: Re: Response to your request this morning

Thanks
---------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: McMahon, David <dmcmahon@barwol.com>
To: Toriello, John (NYC - X73366); Forsberg, Lars (NYC - X73316)
Sent: Fri Jul 11 15:52:40 2008
Subject: RE: Response to your request this morning


 John and Lars, I understand that there is a meeting going on now between our group and
your representatives on the change order issues.
FYI, Dave.

-----Original Message-----
From: John.Toriello@hklaw.com [mailto:John.Toriello@hklaw.com]
Sent: Friday, July 11, 2008 12:00 PM
To: McMahon, David; Lars.Forsberg@hklaw.com
Cc: Jennifer.Stark@hklaw.com
Subject: Re: Response to your request this morning

David

I understand that Gavin and Dan are and have been available in the yard to continue and
hopefully complete the discussions on the change orders.
I also understand that they communicated this to Mark Donohue. As a few minutes ago, Mark
had not contacted them to continue the discussion.

John
---------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Toriello, John (NYC - X73366)
To: 'dmcmahon@barwol.com' <dmcmahon@barwol.com>; Forsberg, Lars (NYC -
X73316)
Sent: Fri Jul 11 13:28:40 2008
Subject: Re: Response to your request this morning

Thanks. We will not seek a TRO today.
---------------------------

1

Sent from my BlackBerry Wireless Handheld

----- Original Message -----
From: McMahon, David <dmcmahon@barwol.com>
To: Forsberg, Lars (NYC - X73316); Toriello, John (NYC - X73366)
Sent: Fri Jul 11 13:21:12 2008
Subject: Response to your request this morning

Lars and John:  I am following on John's request of this morning concerning the intentions
of my client with respect to moving the vessel Gemini.  On behalf of my client, I hereby
confirm that the vessel will not be moved out of the building that it is currently located
in for the next week.  With this representation from us, this will confirm that you will
not be seeking a TRO at the current time. Please let me know if you have further
questions.  As I told John, I also believe it would be very helpful if you could get us
your response on the change order proposal as soon as possible. Regards, Dave.

David J. McMahon
BARGER & WOLEN LLP
650 California Street, Ninth Floor
San Francisco, California 94108
Tel. (415) 743-3706
Fax. (415) 434-2533
email:  dmcmahon@barwol.com
www.bargerwolen.com <file://www.bargerwolen.com>

The information in this transmittal (including attachments, if any) is privileged and
confidential and is intended only for the recipient(s) listed above.  Any review, use,
disclosure, distribution or copying of this transmittal is prohibited except by or on
behalf of the intended recipient.  If you have received this transmittal in error, please
notify me immediately by reply email and destroy all copies of the transmittal.  Thank
you.

# EXHIBIT 2

----- Original Message -----
From: McMahon, David <dmcmahon@barwol.com>
To: Forsberg, Lars (NYC - X73316); Toriello, John (NYC - X73366); Buhler, Mark J (ORL - X25113)
Sent: Sat Jul 12 13:54:46 2008
Subject: Gemini


Gentlemen:  We have received your purported notice of default Friday evening, July 11th 2008 at 7:15 p.m. eastern time.  We are surprised and disappointed with this notice, particularly in light of the oral representations made to us yesterday by Gemini's legal and technical team that Gemini intended to continue our discussions in good faith to resolve the outstanding financial issues.

As you know we offered in good faith and in reliance on your representations, to leave the Gemini in place for a seven day period from yesterday while the parties continued to negotiate and on the condition that you would not take legal action for the same period of time.  We were disappointed with Mr. Toriello's response to Mr. McMahon's email of yesterday, wherein we made this offer to Gemini.  His response stated only that Gemini would not seek a TRO for a one day period.  This is unacceptable to us and clearly there has been no meeting of the minds on this critical fact.

Based on the foregoing, and because you have failed to reach agreement with us, we put you on notice that we intend to move the boat immediately.  Moreover, based on the purported notice of breach sent yesterday evening, the only effective way to cure the alleged breaches is to move the Gemini so that we can work on the boat without interference with the other projects going on in the building where the vessel is currently located.  This is also necessary as the Gemini will be effectively blocked in place until 2010 unless we move it now.  This correspondence is with full reservation, and without waiver of all of our rights under the Vessel Construction Agreement, equity and applicable law. Best regards.


David J. McMahon
BARGER & WOLEN LLP
650 California Street, Ninth Floor
San Francisco, California 94108
Tel. (415) 743-3706

1

Fax. (415) 434-2533
email:   dmcmahon@barwol.com
www.bargerwolen.com <file://www.bargerwolen.com>

The information in this transmittal (including attachments, if any) is privileged and
confidential and is intended only for the recipient(s) listed above.  Any review, use,
disclosure, distribution or copying of this transmittal is prohibited except by or on
behalf of the intended recipient.  If you have received this transmittal in error, please
notify me immediately by reply email and destroy all copies of the transmittal.  Thank
you.

# EXHIBIT 3

## Brand, David (NYC - X73272)

**From:**    Toriello, John (NYC - X73366)

**Sent:**    Sunday, July 13, 2008 12:02 PM

**To:**    'McMahon, David'; Forsberg, Lars (NYC - X73316); Buhler, Mark J (ORL - X25113)

**Cc:**    Sweeney, Patrick J (NYC - X73547); Brand, David (NYC - X73272); Karpf, Wallis B (NYC - X73510)

**Subject:** RE: Gemini

Your email below misrepresents the discussions and emails on Friday. For example, your 7/11 email on the movement of the boat only referred to the TRO and stated that in return for DSY's agreement not to move the boat Gemini would not seek a TRO "at the current time." My email confirmed that there would be no such application on Friday, i.e. "at the current time." There was no discussion of any action other than the TRO. Indeed, you responded to my email by urging further work on the change orders and you did not raise any concern about the language in the email.

In our view, the email below is dishonest and the agreement not to move the boat was made in bad faith and with intent to deceive Gemini so as to avoid the issuance of a TRO. Gemini intends to seek sanctions against DSY and its attorneys for this improper conduct.

We also note that the Bridgeport Building Dept. advised our office on Friday that a certificate of occupancy was not issued for the cargo container structure. In fact, we were advised that DSY did not even receive a building permit for this structure. Gemini demands that DSY immediately move the Vessel from the illegal structure and place it in the Building from which it was moved on Saturday and that DSY comply with the contract by resuming full time work on the Vessel.

We reserve all of our client's rights, none of which are waived.

John M. Toriello

Holland & Knight LLP

**From:** McMahon, David [mailto:dmcmahon@barwol.com]
**Sent:** Saturday, July 12, 2008 1:55 PM
**To:** Forsberg, Lars (NYC - X73316); Toriello, John (NYC - X73366); Buhler, Mark J (ORL - X25113)
**Subject:** Gemini

Gentlemen: We have received your purported notice of default Friday evening, July 11th 2008 at 7:15 p.m. eastern time. We are surprised and disappointed with this notice, particularly in light of the oral representations made to us yesterday by Gemini's legal and technical team that Gemini intended to continue our discussions in good faith to resolve the outstanding financial issues.

As you know we offered in good faith and in reliance on your representations, to leave the Gemini in place for a seven day period from yesterday while the parties continued to negotiate and on the condition that you would not take legal action for the same period of time. We were disappointed with Mr. Toriello's response to Mr. McMahon's email of yesterday, wherein we made this offer to Gemini. His response stated only that Gemini would not seek a TRO for a one day period. This is unacceptable to us and clearly there has been no meeting of the minds on this critical fact.

Based on the foregoing, and because you have failed to reach agreement with us, we put you on notice that we intend to move the boat immediately. Moreover, based on the purported notice of breach sent yesterday evening, the only effective way to cure the alleged breaches is to move the Gemini so that we can work on the boat without interference with the other projects going on in the building where the vessel is currently located. This is also necessary as the Gemini will be effectively blocked in place until 2010 unless we move it now. This correspondence is with full reservation, and without waiver of all of our rights under the Vessel Construction Agreement, equity and applicable law. Best regards.

David J. McMahon
BARGER & WOLEN LLP
650 California Street, Ninth Floor

7/14/2008

San Francisco, California 94108
Tel. (415) 743-3706
Fax. (415) 434-2533
email: dmcmahon@barwol.com
www.bargerwolen.com

The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

# EXHIBIT 4

## Brand, David (NYC - X73272)

| | |
|---|---|
| **From:** | McMahon, David [dmcmahon@barwol.com] |
| **Sent:** | Sunday, July 13, 2008 7:45 PM |
| **To:** | Toriello, John (NYC - X73366); Forsberg, Lars (NYC - X73316) |
| **Cc:** | Sweeney, Patrick J (NYC - X73547); Brand, David (NYC - X73272); Buhler, Mark J (ORL - X25113); Karpf, Wallis B (NYC - X73510) |
| **Subject:** | RE: Gemini response |

John, I am between family events today and just saw your email. As I previously
indicated to you, because this is a Sunday and I have religious and many other family
commitments, I am not in a position to respond to your email in a substantive way.
However, based on your representation that you are intending to go into court very soon, I
make the following response objecting to the accuracy of your email and reserve the right
to fully respond when I am available. Again, I disagree with the accuracy of your
comments and the "spin" you have put on our conversation. I know you are trying to make a
record but I must strenuously object where I have previously advised you that I am not
available to respond in detail.

Your email is particularly inaccurate in the statement that you asked me for the
"authority allowing DSY to put the Vessel into the cargo container structure". First,
that is your characterization of the building. Second you did not ask me that specific
question. If you did, I would have told you that there is nothing in the contract which
requires DSY to build the vessel in any particular building. Moreover, the plan to move
the vessel was disclosed to the owner long ago and everyone was fully informed of this
plan. To the extent that you claim that the owner was either surprised or not informed of
our intentions, your email is grossly inaccurate.

Please let us avoid the late night and weekend email record making attempts. I feel that
it is particularly inappropriate where I previously advised you that I was not in a
position to respond, o protect my client's interests. Again, I will respond to both our
your emails during regular business hours. We do not waive anything and reserve all
rights. Best regards, Dave.
-----Original Message-----
From: John.Toriello@hklaw.com [mailto:John.Toriello@hklaw.com]
Sent: Sunday, July 13, 2008 1:38 PM
To: McMahon, David; Lars.Forsberg@hklaw.com
Cc: Patrick.Sweeney@hklaw.com; David.Brand@hklaw.com; mark.buhler@hklaw.com;
wallis.karpf@hklaw.com
Subject: Re: Gemini response

You also advised that DSY would not comply with our request that the Vessel be moved from
the cargo container structure that does not have a permi or a c/o, and that DSY would not
move the Vessel back into the Building.

We have also asked you for authority allowing DSY to put the Vessel into the cargo
container structure. You did not have any such authority available on our call. You did
advise that there is a plan to get the building permitted, but you did not have any
details. Based on your comments and the advice of the Building Department, we understand
that there is no certificate of occupancy or even building permit for the container
structure and repeat our demand that the Vessel be placed back into the building from
which it was improperly removed yesterday.

John
-------------------------
Sent from my BlackBerry Wireless Handheld

----- Original Message -----
From: McMahon, David <dmcmahon@barwol.com>
To: Toriello, John (NYC - X73366); Forsberg, Lars (NYC - X73316)
Sent: Sun Jul 13 15:57:17 2008
Subject: RE: Gemini response

1

John, this will confirm that I called you back and we discussed the issues raised in your
email today. For a variety of personal reasons, I am not able to respond to the
substantive issues raised in your email today, Sunday the 13th. We do disagree with your
characterization of the events however, and we will respond when I am able to do so. We
reserve all rights, none of which are waived. Regards, Dave

David J. McMahon
BARGER & WOLEN LLP
650 California Street, Ninth Floor
San Francisco, California 94108
Tel. (415) 743-3706
Fax. (415) 434-2533
email: dmcmahon@barwol.com
www.bargerwolen.com

The information in this transmittal (including attachments, if any) is privileged and
confidential and is intended only for the recipient(s) listed above. Any review, use,
disclosure, distribution or copying of this transmittal is prohibited except by or on
behalf of the intended recipient. If you have received this transmittal in error, please
notify me immediately by reply email and destroy all copies of the transmittal. Thank
you.

-------------------------------------

From: John.Toriello@hklaw.com [mailto:John.Toriello@hklaw.com]
Sent: Sunday, July 13, 2008 10:26 AM
To: John.Toriello@hklaw.com; McMahon, David; Lars.Forsberg@hklaw.com;
mark.buhler@hklaw.com
Cc: Patrick.Sweeney@hklaw.com; David.Brand@hklaw.com; wallis.karpf@hklaw.com
Subject: RE: Gemini


David

Please call me at 908-591-4994 to attempt to resolve this dispute today so as to avoid
proceedings tomorrow.

John

-------------------------------------

From: Toriello, John (NYC - X73366)
Sent: Sunday, July 13, 2008 12:02 PM
To: 'McMahon, David'; Forsberg, Lars (NYC - X73316); Buhler, Mark J (ORL
- X25113)
Cc: Sweeney, Patrick J (NYC - X73547); Brand, David (NYC - X73272); Karpf, Wallis B (NYC -
X73510)
Subject: RE: Gemini


Your email below misrepresents the discussions and emails on Friday. For
example, your 7/11 email on the movement of the boat only referred to
the TRO and stated that in return for DSY's agreement not to move the
boat Gemini would not seek a TRO "at the current time." My email
confirmed that there would be no such application on Friday, i.e. "at
the current time." There was no discussion of any action other than the
TRO. Indeed, you responded to my email by urging further work on the
change orders and you did not raise any concern about the language in
the email.

In our view, the email below is dishonest and the agreement not to move
the boat was made in bad faith and with intent to deceive Gemini so as
to avoid the issuance of a TRO. Gemini intends to seek sanctions against
DSY and its attorneys for this improper conduct.

2

We also note that the Bridgeport Building Dept. advised our office on
Friday that a certificate of occupancy was not issued for the cargo
container structure. In fact, we were advised that DSY did not even
receive a building permit for this structure. Gemini demands that DSY
immediately move the Vessel from the illegal structure and place it in
the Building from which it was moved on Saturday and that DSY comply
with the contract by resuming full time work on the Vessel.

We reserve all of our client's rights, none of which are waived.

John M. Toriello

Holland & Knight LLP

From: McMahon, David [mailto:dmcmahon@barwol.com]
Sent: Saturday, July 12, 2008 1:55 PM
To: Forsberg, Lars (NYC - X73316); Toriello, John (NYC - X73366);
Buhler, Mark J (ORL - X25113)
Subject: Gemini


Gentlemen:  We have received your purported notice of default Friday
evening, July 11th 2008 at 7:15 p.m. eastern time.  We are surprised and
disappointed with this notice, particularly in light of the oral
representations made to us yesterday by Gemini's legal and technical
team that Gemini intended to continue our discussions in good faith to
resolve the outstanding financial issues.

As you know we offered in good faith and in reliance on your
representations, to leave the Gemini in place for a seven day period
from yesterday while the parties continued to negotiate and on the
condition that you would not take legal action for the same period of
time.  We were disappointed with Mr. Toriello's response to Mr.
McMahon's email of yesterday, wherein we made this offer to Gemini.  His
response stated only that Gemini would not seek a TRO for a one day
period.  This is unacceptable to us and clearly there has been no
meeting of the minds on this critical fact.

Based on the foregoing, and because you have failed to reach agreement
with us, we put you on notice that we intend to move the boat
immediately.  Moreover, based on the purported notice of breach sent
yesterday evening, the only effective way to cure the alleged breaches
is to move the Gemini so that we can work on the boat without
interference with the other projects going on in the building where the
vessel is currently located.  This is also necessary as the Gemini will
be effectively blocked in place until 2010 unless we move it now.  This
correspondence is with full reservation, and without waiver of all of
our rights under the Vessel Construction Agreement, equity and
applicable law. Best regards.

David J. McMahon
BARGER & WOLEN LLP
650 California Street, Ninth Floor
San Francisco, California 94108
Tel. (415) 743-3706
Fax. (415) 434-2533
email: dmcmahon@barwol.com
www.bargerwolen.com <file://www.bargerwolen.com>

3

The information in this transmittal (including attachments, if any) is
privileged and confidential and is intended only for the recipient(s)
listed above. Any review, use, disclosure, distribution or copying of
this transmittal is prohibited except by or on behalf of the intended
recipient. If you have received this transmittal in error, please
notify me immediately by reply email and destroy all copies of the
transmittal. Thank you.